FILED
SUPERIOR COURT
OF GUAM

2024 OCT -7 PH 12: 12

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

BONIE JUNIOR PINAULA HERRADURA,

Plaintiff,

vs.

JONIE CRISOSTOMO HERRADURA,

Defendant.

CIVIL CASE NO. <u>CV1375-19</u>

**DECISION AND ORDER
RE: OWNERSHIP OF PROPERTY**

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on July 16, 2024 for a Status Hearing. Attorney William Gavras represents Plaintiff Bonie Junior Pinaula Herradura ("Plaintiff") and Attorney William Pole represents Defendant Jonie Crisostomo Herradura ("Defendant"). Having reviewed the relevant law and authorities, the Court now issues the following decision and order regarding the ownership of the property at issue in this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter involves a dispute over the ownership of a parcel of real property. Plaintiff seeks to quiet title to certain real property, more particularly described as follows:

Lot No. 23, Block No. 19, Tract 232, Municipality of Sinajana, Guam, Urban, as said lot is marked and designated on Map Drawing No. Subdivision of Tract 232, recorded on

June 26, 1980 in the Department of Land Management, Government of Guam, under Instrument Number 312990 (hereinafter, the "Property'").

Complaint to Quiet Title at ¶ 4 (Dec. 4, 2019).

The Plaintiff claims title to the Property pursuant to a deed dated March 21, 2018, from Bonie J. Herradura purportedly recorded under Document No. 919551 in the Department of Land Management, Government of Guam. Compl. ¶¶ 4, 5. On the other hand, the Defendant disputes the Plaintiff's claim of ownership of the Property, and claims an interest in the Property as a beneficiary of the BMCH Trust ("Trust"), which Defendant claims continues to own the Property, or, alternatively, as an heir to the estate of Josephine C. Herrera, who died intestate. Answer and Counterclaim ¶¶ 6-7 (Feb. 19, 2020). Plaintiff denies virtually all of the substantive allegations in Defendant's Answer and Counterclaim.

As parties have come to the agreement that this case cannot move forward until the matter of current ownership of the property is resolved, the Court must determine who has the current right to possession of the property. This Order will discuss the following persons in relation to the ownership of the land:

- Josephine C. Herradura (deceased)

- Bonie Mark Crisostomo Herradura, aka "Bonie Jimenea", husband to Josephine

- Defendant Jonie Crisostomo Herradura, child of Josephine and Bonie Jimenea

- Plaintiff Bonie Junior Pinaula Herradura, grandson of Josephine and Bonie Jimenea through their son Bonie Mark

- Bonie Mark and Zany Herradura, children of Josephine and Bonie Jimenea

This Order follows the Status Hearing of July 16, 2024, as well as the additional briefing filed by the parties on this issue, identified as Defendant's Brief RE: Ownership of Property and

Plaintiff's Brief Concerning Real Property in Question—Undisputed Facts and Conclusions of Law, respectively, in the record.

## II.  LAW AND DISCUSSION

The Court's main purpose in this Order is to evaluate the validity of Defendant's claim of interest in the Property as a beneficiary of the Trust, and determine ownership of the Property if this claim is not valid.

### A.  Identification of Purpose and Beneficiaries with Reasonable Certainty

Under 18 G.C.A. § 65107, "a voluntary trust is created, as to the truster and beneficiary, by any words or acts of the truster, indicating with *reasonable certainty*: (1) An intention on the part of the truster to create a trust, and (2) The subject, purpose, and beneficiary of the trust" (emphasis added). The Trust at issue was drafted by Josephine Herradura, who named herself as Trustee. In 1992, Josephine Herradura deeded the Property at issue to the Trust through a quitclaim deed. In 2002, Josephine Herradura executed a Notice of Termination of Trust which was recorded at the Department of Land Management, and subsequently deeded the Property at issue to herself and her husband as community property. A dispute regarding the validity of these various documents and actions is the topic of this litigation.

Plaintiff has asserted that the "trust documents executed by Josephine failed to identify the beneficiaries and purpose of the trust with reasonable certainty." Plaintiff's Br. Concerning Real Property at 7 (June 24, 2024). According to the Defendant, the "most reasonable reading of the filed documents is that the Trust has three beneficiaries including the Defendant." Defendant's Br. RE: Ownership of Property at 3 (Jun. 21, 2024). The Defendant also states that "it would seem that the beneficiaries take the property as tenants with right of survivorship." *Id.*

Under 18 GCA § 66501, a trust is extinguished by the entire fulfillment of its object, or by such object becoming impossible or unlawful. In this case, the object of the trust is ambiguous and remains in question, making it difficult to interpret when the object of the trust might have been extinguished.

When interpreting an ambiguous trust instrument, extrinsic evidence may be considered. *Ramiro v. White*, 2016 Guam 6, ¶ 20 ("Extrinsic evidence is admissible to clarify the terms of a trust or remove ambiguities, particularly when there is a patent ambiguity in the trust instrument, such as any ambiguities regarding the settlor's intent to create a trust. Extrinsic evidence, under these circumstances, may be admitted but used only to explain, and not to contradict, the instrument.")(quoting 76 Am. Jur. 2d Trusts § 635)).

Extrinsic evidence in the form of the 1992 quitclaim deed provides the identities of the beneficiaries absent from the trust document, but Plaintiff is correct that the deed does not show how and how much of Trust assets were to be apportioned to each beneficiary. Defendant may be correct that the "most reasonable" reading of the language in the deed would create three beneficiaries as tenants with rights of survivorship, but there is no documentation supporting this interpretation. Mere identification of possible beneficiaries in a later deed is not sufficient to identify the "subject, purpose, and beneficiaries" of the trust with reasonable certainty as required by the law. Therefore, Defendant has no evidence showing that he had a future interest in the property through the Trust, or when this interest would vest, because this information was not included in the Trust as it should have been.

B. Trustee maintained the authority to dispose of property in trust

Under 18 GCA § 66502, a trust cannot be revoked by the trustor after its acceptance, actual or presumed, by the trustee and beneficiaries, except by the consent of all the beneficiaries, unless the declaration of trust reserves a power of revocation to the trustor, and in that case the power must be strictly pursued. In this case, the parties seem to have been aware of this rule, as there was at least an attempt to have the termination of trust signed by the trustee and all beneficiaries. However, the facts do not allow the court to determine whether beneficiaries actually approved the termination as parties disagree on whether Defendant ever actually signed the termination of trust.

Defendant has also attempted to dispute which party is responsible for providing these facts. Defendant argues that there "should be Burden Shifting analysis when reviewing a notarized document," as there is on Guam when reviewing for undue influence. Defendant's Br. RE: Ownership of Property at 6 (June 21, 2024). However, to this point, Defendant only manages to make arguments about what the law should be rather than what the law is. Defendant has failed to provide convincing evidence to the Court that the notarized signature is invalid, and the termination of the trust appears to have been clearly indicated by the trustee/grantor.

Furthermore, whether or not the trust was terminated is a question separate from the question of whether Josephine was within her rights to deed the property at issue. Plaintiff argues, "whether or not the Trust was successfully formed and/or successfully terminated, the power to convey and remove Property from any Trust continued to belong to Josephine, who had the authority to dispose of it as she saw fit and was not required to specify that she was acting "as trustee" in order to convey the Property to herself and her husband as community property." Plaintiff's Br. Concerning Real Property at 6 (June 24, 2024). The Trust and the Property within

the Trust are not equated, and, the Trust gave Josephine as Trustee, "full power and authority to...dispose of all or any part of the corpus or income of this Trust." Decl. of Trust ¶ 3. Therefore, Josephine was within her rights to deed the property to another without permission from the Trust beneficiaries and without terminating the Trust.

C. Intent of the grantor

Guam Courts have previously determined that the apparent intent of the grantor is dispositive when resolving ambiguities of this nature. *See Est. of Gogue v. Pangelinan*, 2020 Guam 26, ¶ 28 (explaining that extrinsic and parole evidence can be used to resolve an ambiguity in a deed). In this case, the grantor tried to terminate the trust and, on the same day, grant the property to her and her husband as community property. As further evidence of her intent, Josephine never created another instrument or revisited the trust to determine how the property would pass after her death, presumably assuming that the community property, no longer in the trust, would automatically go to her husband when she passed.

D. Chain of title to Plaintiff

Intending to terminate the trust and alter the ownership interests in the Property, Josephine Herradura signed a termination of trust and, the same day, executed a quitclaim deed transferring the property interest to herself and her husband as community property. Josephine and her husband later deeded the property to their three children, Bonie Mark, Jonie Crisostomo, and Zany, retaining a life estate for themselves. After Josephine's death, the life estate transferred to solely to her husband, Bonie Jimenea, which he gifted to Plaintiff. Plaintiff's father, Bonie Mark, and Plaintiff's uncle, Zany, both deeded their 1/3rd interest in the property to Plaintiff. Therefore, as it stands, Plaintiff now has the present right of possession through the life estate for the life of

his grandfather, and a 2/3rd future interest. Defendant has a 1/3rd future interest that must await the death of his father, whose life estate was transferred to Plaintiff.

## III.    CONCLUSION AND ORDER

Regardless of whether or not the trust was properly terminated, the Defendant has no current legitimate claim to the property. Therefore, this Court determines that that current rights to the property are held by the Plaintiff.

The Court also acknowledges that Defendant has a 1/3rd future interest in the property, after the termination of the life estate held by his father.

SO ORDERED  _October 7_  , 2024.

HON. JOHN C. TERLAJE
Judge, Superior Court of Guam